FILED

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Lisa Y. An, State Bar No. 242918
E-Mail: lan@hurrellcantrall.com
HURRELL CANTRALL LLP
660 South Figueroa Street, 21st Floor
Los Angeles, California 90017-3442
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

2009 JUL -2 PM 3: 31

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Attorneys for Defendant LOS ANGELES COUNTY
SHERIFF'S DEPARTMENT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GRACE G.,<br><br>            Plaintiff,<br><br>      v.<br><br>LOS ANGELES COUNTY<br>SHERIFF'S DEPARTMENT, a public<br>entity; MARK FITZPATRICK; and<br>DOES 1 THROUGH 200,<br>INCLUSIVE,<br><br>            Defendants. | STATE CASE NO.: TC023081<br><br>FEDERAL CASE NO.<br>**CV 09-04802 PA (RCx)**<br><br>[STATE:<br>Assigned to Judge William P. Barry<br>Department "B"<br>Case Filed: 5/22/09]<br><br>**NOTICE OF REMOVAL AND REMOVAL OF ACTION UNDER 28 U.S.C. §1441(B) (FEDERAL QUESTION) AND 28 U.S.C. § 1443 (C) (CIVIL RIGHTS CASES) ON BEHALF OF DEFENDANT LOS ANGELES COUNTY SHERIFF'S DEPARTMENT**<br><br>**[Filed Concurrently With Notice of Interested Parties]** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant LOS ANGLES SHERIFF'S COUNTY DEPARTMENT hereby removes to federal court the state court action described below.

1.     On May 22, 2009, an action was commenced in the Los Angeles Superior Court, entitled GRACE G. v. LOS ANGELES COUNTY SHERIFF'S

1  DEPARTMENT, et al., case number TC023081. A copy of the Summons and

2  Complaint in the state action is collectively attached hereto as Exhibit "A."

3      2.    The Complaint and Summons in this case was served to defendant LOS

4  ANGELES COUNTY SHERIFF'S DEPARTMENT on June 3, 2009 and defendant

5  MARK FITZPATRICK on June 24, 2009.

6      3.    All defendants who have been served join in the removal of this action.

7      4.    This matter is a civil action of which this Court has original jurisdiction

8  under 28 U.S.C. § 1331 as against defendant LOS ANGELES COUNTY

9  SHERIFF'S DEPARTMENT, and is one which may be removed to this Court by

10  this defendant pursuant to the provisions of 28 U.S.C. § 1441(b) and (c) and 28

11  U.S.C. § 1443(2). The plaintiff has filed a claim under 42 U.S.C. § 1983, wherein

12  she contends her constitutional rights were violated.

13  DATED: July 2, 2009        Respectfully submitted,

14                  HURRELL CANTRALL LLP

15

16

17                  By: _____

18                    THOMAS C. HURRELL

19                    LISA Y. AN

                  Attorneys for Defendant LOS ANGELES

20                    COUNTY SHERIFF'S DEPARTMENT

21

22  DATED: July ___, 2009        SEKI NISHIMURA & WATASE, LLP

23

24

25                  By: _____

26                    GILBERT M. NISHIMURA

27                    Attorney for Defendant MARK

                  FITZPATRICK

28

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

1  DEPARTMENT, et al., case number TC023081. A copy of the Summons and

2  Complaint in the state action is collectively attached hereto as Exhibit "A."

3      2.      The Complaint and Summons in this case was served to defendant LOS

4  ANGELES COUNTY SHERIFF'S DEPARTMENT on June 3, 2009 and defendant

5  MARK FITZPATRICK on June 24, 2009.

6      3.      All defendants who have been served join in the removal of this action.

7      4.      This matter is a civil action of which this Court has original jurisdiction

8  under 28 U.S.C. § 1331 as against defendant LOS ANGELES COUNTY

9  SHERIFF'S DEPARTMENT, and is one which may be removed to this Court by

10 this defendant pursuant to the provisions of 28 U.S.C. § 1441(b) and (c) and 28

11 U.S.C. § 1443(2). The plaintiff has filed a claim under 42 U.S.C. § 1983, wherein

12 she contends her constitutional rights were violated.

13 DATED: July 2, 2009            Respectfully submitted,

14                                HURRELL CANTRALL LLP

15

16

17                       By: _____

18                           THOMAS C. HURRELL
                             LISA Y. AN
19                           Attorneys for Defendant LOS ANGELES
20                           COUNTY SHERIFF'S DEPARTMENT

21

22 DATED: July 2, 2009            SEKI NISHIMURA & WATASE, LLP

23

24

25                       By: _____

26                           GILBERT M. NISHIMURA
                             Attorney for Defendant MARK
27                           FITZPATRICK

28

HURRELL CANTRALL LLP
650 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

-2-

# EXHIBIT "A"

SCANNED
by:

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FILED

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

2009 JUN -3 PM 2:18

LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity;
MARK FITZPATRICK; and DOES 1 through 200, Inclusive OF SUPERVISORS
COUNTY OF LOS ANGELES

**ORIGINAL FILED**

GV   MAY 22 2009

LOS ANGELES
SUPERIOR COURT

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GRACE G.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, Southcentral District
200 West Compton Boulevard
Compton, CA 90220

CASE NUMBER:
*(Número del Caso):*   **TC0 23081**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Keith M. Davidson, Esq. (SBN 212216)                    (323) 658-5444
8383 Wilshire Blvd., Suite 510, Beverly Hills, CA 90211

DATE:                          JOHN A. CLARKE        Clerk, by   JONATHAN HEAD        , Deputy
*(Fecha)*   MAY 2009                                *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* DEPARTMENT, A PUBLIC ENTITY   Los ANGELES COUNTY SHERIFFS

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* PUBLIC ENTITY
4. ☐ by personal delivery on *(date):* 6/3/09

Page 1 of 1

KEITH M. DAVIDSON, ESQ.
(State Bar No. 212216)
DAVIDSON & ASSOCIATES, P.L.C.
8383 Wilshire Boulevard, Suite 510
Beverly Hills, CA 90211
Tel. (323) 658-5444
Fax. (323) 658-5424

ORIGINAL FILED

MAY 2 9 2009

LOS ANGELES
SUPERIOR COURT

Attorney For Plaintiff,
Grace G.

Case is assigned for
all purposes to
Judge WILLIAM BARRY

Case No. TC0 23081

GRACE G.,

                    Plaintiff,

          vs.

LOS ANGELES COUNTY SHERIFF'S
DEPARTMENT, a public entity; MARK
FITZPATRICK; and DOES 1 THROUGH 200,
INCLUSIVE,

                    Defendants.

**COMPLAINT FOR DAMAGES**

1. Violation of Civil Rights (42 U.S.C. §1983)
2. Assault
3. Battery
4. False Imprisonment
5. Monnell Claim (Supervisory Liability)
6. Negligent Employment/Retention
7. Intentional Infliction of Emotional Distress
8. Negligent Infliction of Emotional Distress

**JURY TRIAL DEMANDED**

Plaintiff, GRACE G., brings the within complaint with claims for relief for assault, battery, false imprisonment, false arrest, negligence, intentional infliction of emotional distress and violation of plaintiff's civil rights under 42 U.S.C. §1983. Plaintiff herein files this case under the fictitious name, Grace G. so as to protect her true identity in light of the allegations herein alleged.

///

///

///

Beverly Hills, CA 90211
Tel. (323) 658-5444 - Fax. (323) 658-5424

Beverly Hills, CA 90211
Tel. (323) 658-5444 - Fax. (323) 658-5424

# I.
## Jurisdiction

1.      Jurisdiction is proper over plaintiff's claims presented herein as the actions giving rise to this case occurred within the jurisdictional limits of this Court.

# II.
## General Allegations

2.      Plaintiff GRACE G. is currently and at all times herein mentioned was a resident of Los Angeles County, California.

3.      Plaintiff is informed and believes that defendant MARK FITZPATRICK (hereinafter FITZPATRICK) is a resident of California and Los Angeles County.  Plaintiff is further informed and believes that defendant FITZPATRICK at all times herein mentioned was employed as a police officer for the  LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (hereinafter "LASD").

4.      Plaintiff is informed and believes that defendant LASD is currently, and was at all times herein, a public entity existing as such under the laws of the state of California.

5.      Plaintiff is ignorant of the true nature and capacities of defendants who are unknown at this time.  Plaintiff is informed and believes and thereon alleges that each unknown defendant is currently, and was at all times relevant herein, acting within his or her capacity as an employee of the LASD.  Plaintiff alleges that the unknown defendants were at all times employees of the Los Angeles Police Department and/or supervised all other defendants, including  FITZPATRICK.

6.      Plaintiff is informed and believes and thereon alleges that the unknown defendants were at all times relevant agents, employees, supervisees and/or supervisors of any or all of the other defendants named herein.

7.      Plaintiff is informed and believes and thereon alleges that each defendant including defendant FITZPATRICK acted under color of law to deprive plaintiff of her civil

rights as guaranteed by the First, Fourth and Fourteenth Amendments pursuant to 42 U.S.C. §1983.

8.     Plaintiff is further informed and believes and thereon alleges that defendant FITZPATRICK and the unknown defendants committed, aided, supported and continued and allowed each and every deprivation alleged hereinafter, to the pain and suffering of plaintiff.

9.     As a proximate cause of the actions or inactions of the unknown defendants and known, and each of them, plaintiff suffered serious injury to her body in violation of her civil rights under 42 U.S.C.§1983 as set forth in the First, Fourth and Fourteenth Amendments.

10.    When plaintiff becomes aware of the true names and identifies of the unknown defendants, plaintiff will amend this complaint to add those defendants.

11.    On or about May 24, 2008, plaintiff was near the intersection of Orange Avenue and Rosecrans Avenue in the City of Paramount, California at approximately 2:50 AM. At that time, she was detained by defendant FITZPATRICK, in an LASD specially marked patrol vehicle.

12.    At the above time and place, plaintiff, a single mother of a pre-adolescent boy was operating her motor vehicle. Plaintiff was the only occupant of her vehicle. Defendant FITZPATRICK drove behind her vehicle and effectuated a traffic stop at or near the intersection of Orange and Rosecrans.

13.    After a delay, Defendant FITZPATRICK then exited his vehicle, approached plaintiff's vehicle, shined a light directly into the face of plaintiff causing her great fright, fear and anxiety.

14.    Defendant FITZPATRICK then requested plaintiff to hand over her drivers license and automobile registration. After informing Grace G. that her license was suspended and vehicle was not registered, FITZPATRICK returned to his patrol car for approximately minutes.

15.     FITZPATRICK returned to Grace G. who was still seated in the driver's seat of her vehicle and informed her that she was being arrested for suspicion of operating a motor vehicle under the influence of an intoxicating liquor, operating a motor vehicle that was not licensed and that was not registered.  FITZPATRICK continued to inform Grace G. that she was "going to jail," that "she would be locked-up," that she would "need to get bailed out," and that she would have to pay to get her car towed and ultimately released from impound after a statutory thirty day period.

16.     FITZPATRICK then left Grace G. in her driver's seat for several more minutes.  After returning from his patrol car a second time, FITZPATRICK told Grace G. that she "looked like a nice girl," that she "seemed sweet," and asked her if she had any children.

17.     After being told that Grace G. was in fact a single mother, FITZPATRICK then began to to remind Grace G. just how much trouble she was in.  FITZPATRICK then began to comment on Grace G.'s wardrobe in a very suggestive way that made Grace G. feel uncomfortable.

18.     FITZPATRICK then continued to comment on Grace G.'s dress by stating: "Wow...that is a nice blouse" as he flashed his powerful department issued six celled flashlight up and down Grace G.'s front side as she remained seated in the drivers seat.

19.     FITZPATRICK then continued to remind Grace G. just "how much trouble [she] was in" and then asked "what are you going to do for me in order for me not to bring you to jail tonight?"

20.     FITZPATRICK then demanded to Grace G.: "let me see your breasts."

21.     Upon hearing FITZPATRICK'S command, and as she was holding the steering wheel with both hands, Grace G. closed her eyes, grabbed the wheel tighter as she then felt FITZPATRICK's left hand start to cup and firmly squeeze her right breast under her blouse.

22.     As Grace G. opened her eyes she saw a devilish grim on FITZPATRICK'S face that placed her in paralyzing fear of what was to follow.

Tel. (323) 658-5444 · Fax. (323) 658-5424
Beverly Hills, CA 90211

Tel. (323) 658-5444 - Fax. (323) 658-5424
Beverly Hills, CA 90211

23.    FITZPATRICK'S assault was cut short when he noticed another patrol car pull into the parking lot across the street from where he and Grace G. were currently positioned.

24.    FITZPATRICK then voiced his frustration with the police presence and commanded Grace G. to drive to her home and that he would follow.

25.    Grace G. complied with FITZPATRICK'S commands and drove for approximately three miles to her home as FITZPATRICK followed in his marked patrol car while in full uniform.

26.    Grace G. navigated her way home – all the while with FITZPATRICK in stalking pursuit.

27.    Defendant FITZPATRICK followed Grace G. closely for a significant amount of time which gave rise to great fright and anxiety in plaintiff.

28.    Defendant FITZPATRICK menacingly navigated each and every turn that Grace G. made en route to her home.

29.    Upon pulling into her driveway, FITZPATRICK pulled his patrol car into the driveway thereby trapping her.

30.    Grace G. while in a panicked state then quickly attempted to exit her vehicle and scurry into the safety of her home. Grace G. was however, surprised and shocked to be cornered by FITZPATRICK as she opened her drivers side door. Defendant FITZPATRICK, while wearing his department issued uniform and gun belt, then prevented Grace G. from exiting her vehicle and again began to tell Grace G. how much trouble she was in and that she could still be arrested. FITZGERALD then demanded and received Grace G.'s cell phone number.

31.    Defendant FITZPATRICK then ordered Grace G. to the rear portion of her vehicle, where view of the impending assault would be blocked by the position of the patrol car.

32.    FITZPATRICK then ordered Grace G. out of her car but continued with his compliments and asked to see if Grace G. "was clean[ly] shaven around her pubic region."

FITZPATRICK then ordered Grace G. to pull down her leggings in order for her to expose her pubic area to him. Grace G. then complied out of desperate fear for physical harm and further incarceration.

33. FITZPATRICK then demanded that Grace G. (for a second time) pull her leggings down but this time demanded that she raise her dress in order that he may "get a better view." Again, Grace G. complied out of desperate fear for physical harm and further incarceration.

34. FITZPATRICK then bent down so that his face would be at eye level with Grace G.'s pubic region as he forcefully massaged Grace G.'s vagina and violently inserted a finger inside her vaginal cavity.

35. Meanwhile, a vehicle passed by the area at which time defendant FITZPATRICK violently pulled plaintiff back toward him and whispered in her ear that he "would call her soon as he really likes her…and [that he] really want[ed] to see her again soon."

36. As a result of the violent and vicious rape by defendant FITZPATRICK, plaintiff suffered serious and permanent injuries to her person. Plaintiff is informed and believes and thereon alleges that these injuries may result in permanent emotional scarring to plaintiff.

37. Plaintiff is informed and believes and thereon alleges that defendant LASD was deliberately indifferent to previous allegations of misconduct against defendant FITZPATRICK and others, and persistently failed to address those complaints of sexual assaults. Further, LASD had knowledge of FITZPATRICK'S dangerous propensities towards the commission of violent acts on individuals such as plaintiff and failed to take any measures to investigate FITZPATRICK or monitor his activities.

38. On or about November 24, 2008, plaintiff served on the Executive Office of the Board of Supervisors of the County of Los Angeles at 500 West Temple Street, Room 383, Los Angeles, California 90012 a government claim pursuant to Government Code Sections 905 and 910 alleging FITZPATRICK and LASD were negligent, committed sexual

Tel. (323) 658-5444 - Fax. (323) 658-5424
Beverly Hills, CA 90211

1    assault, battery and acted with deliberate indifference to the rights of plaintiff, as well as a

2    request for exemplary damages and attorney fees in accordance with California Civil Code

3    Section 3294.  The claim is attached and made a part hereto as Exhibit "A" and was served

4    on the the Board of Supervisors.

5         39.    LASD through the COUNTY OF LOS ANGELES failed to acknowledge

6    said claim by way of correspondence.  Since more than  45 days have lapsed since the claim

7    was served, plaintiff can deem the claim denied by operation of law pursuant to Government

8    Code Section 912.4(c).

9                              **FIRST CLAIM**
10         **Sexual Assault in Violation of Fourth and Fourteenth Amendments**
                        **(By Plaintiff Against Defendants FITZPATRICK;**
11                        **LASD and Does 1-200, inclusive)**

12         40.    Plaintiff incorporates each and every allegation set forth in paragraphs 1

13   through 39 as though fully set forth herein.

14         41.    Defendant FITZPATRICK'S actions in violently sexually assaulting plaintiff

15   in both her vagina and breasts, were wanton and malicious infliction(s) of pain.

16         42.    Plaintiff made no attempt to resist or disobey the actions of defendant

17   FITZPATRICK because defendant FITZPATRICK was violent, carried a gun, wore a

18   uniform of an LASD Officer, operated an LASD Patrol Vehicle and acted in a violent and

19   commanding manner towards plaintiff.

20         43.    FITZPATRICK'S sexual assault, kidnaping, false arrest and false

21   imprisonment were in violation of plaintiff's Fourth and Fourteenth Amendment rights

22   guaranteed by the U. S. Constitution.

23         44.    As a proximate result of defendant FITZPATRICK'S actions, plaintiff has

24   sustained permanent personal injuries.

25         45.    As provided by 42 U.S.C. §1983, plaintiff requests punitive damages against

26   defendant FITZPATRICK.

27

28

Beverly Hills, CA 90211
Tel. (323) 658-5444 – Fax. (323) 658-5424

## SECOND CLAIM
### Assault:  State Law Violation of 42 U.S.C. §1983
### (By Plaintiff Against Defendants FITZPATRICK;
### LASD and Does 1-200, inclusive)

46.     Plaintiff incorporates each and every allegation as set forth in paragraphs 1 through 45 as though fully set forth herein.

47.     In doing the acts as alleged above, defendant FITZPATRICK intended and did place plaintiff in great apprehension of harmful contact to her person.

48.     At no time did plaintiff consent to any of the acts of defendant FITZPATRICK.

49.     As a proximate result of defendant FITZPATRICK'S use of force, use of threats of incarceration, and sexual assault, plaintiff suffered serious personal injuries.

50.     As a proximate result of the acts of defendant FITZPATRICK as alleged, plaintiff suffered severe personal injuries in violation of her substantive and procedural due process rights.

51.     Defendant FITZPATRICK'S sexual assault as alleged above under California law, was in violation of plaintiff's Fourth and Fourteenth Amendment Rights to be free of unlawful sexual assaults and the due process clause under 42 U.S.C. §1983 which gives rise to plaintiff's state law claims.

## THIRD CLAIM
### Battery:  State Law Violation of 42 U.S.C. §1983
### (By Plaintiff Against Defendant FITZPATRICK)

52.     Plaintiff hereby incorporates each and every allegation set forth in paragraphs 1 through 51 as though fully set forth herein.

53.     Defendant FITZPATRICK'S vicious and violent sexual assault constitute sexual battery.

54.     In doing the acts as alleged above, defendant FITZPATRICK intended and did make unlawful violent sexual contact with plaintiff's person.

FERRIS POLANCO MOULTRIE
Beverly Hills, CA 90211
Tel. (323) 658-5444 - Fax. (323) 658-5424

55.     At no time did plaintiff consent to any of the acts of defendant FITZPATRICK as alleged above.

56.     As a proximate result of the violent sexual assault by defendant FITZPATRICK, plaintiff was injured in her health, strength, activity as previously set forth herein.

57.     Defendant FITZPATRICK'S battery as alleged above under California law was in violation of plaintiff's Fourteenth Amendment and Fourth Amendment rights to be free of unlawful and unreasonable search and seizures and due process clause under 42 U.S.C. §1983 which gives rise to plaintiff's state law claims.

58.     As provided by 42 U.S.C. §1983, plaintiff requests punitive damages against defendant FITZPATRICK.

**FOURTH CLAIM**
**False Imprisonment, State Law Violation of 42 U.S.C. §1983**
**(By Plaintiff Against Defendants FITZPATRICK;**
**LASD and Does 1-200, inclusive)**

59.     Plaintiff hereby incorporates each and every allegation set forth in paragraphs 1 through 58 as though fully set forth herein.

60.     Defendant FITZPATRICK'S physical and emotional restraints of plaintiff while he engaged in vicious assault and actual and constructive asportation constitute false imprisonment.

61.     At no time did plaintiff consent to any of the acts of defendant as alleged.

62.     As a direct and proximate result of the false imprisonment plaintiff was injured as previously set forth herein.

63.     As provided by 42 U.S.C. §1983, plaintiff requests punitive damages against defendant FITZPATRICK.

///

///

///

Tel. (323) 658-5444~ Fax. (323) 658-5424
Beverly Hills, CA 90211

## FIFTH CLAIM
### Supervisory Liability of Defendant
### (By Plaintiff Against Defendant LASD and Does 1-200, inclusive)

64.    Plaintiff hereby incorporates each and every allegation set forth in paragraphs 1 through 63 as though fully set forth herein.

65.    Defendant LASD knew that defendant FITZPATRICK had committed prior sexual assaults on other victims. Defendant LASD failed to take any preventative or remedial measures to guard against the conduct of defendant FITZPATRICK as previously set forth herein. Had defendant LASD taken such measures, plaintiff would not have suffered the depravation of her rights as alleged herein. Defendant LASD'S failure to take these measures amount to deliberate indifference which caused the deprivation suffered by plaintiff. Defendant LASD failed to train, instruct, supervise and discipline defendant FITZPATRICK and said failure caused plaintiff's damages. Defendant LASD has a policy of not investigating allegations of sexual misconduct on the part of police officers as is evidenced by the within complaint and prior victims' complaints against defendant FITZPATRICK.

66.    As a direct and proximate result of the aforesaid described unlawful and malicious acts of defendants, and each of them, plaintiff was deprived of her right to be secure in her person, against unlawful and unreasonable seizures of her person, to equal protection of the laws, and the due process clause, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

## SIXTH CLAIM
### Negligent Employment, Supervision, Retention of defendant
### FITZPATRICK under 42 U.S.C. §1983
### (By Plaintiff Against Defedendant LASD
### and Does 1 through 200, Inclusive)

67.    Plaintiff hereby incorporates each and every allegation set forth in paragraphs 1 through 66 as though fully set forth herein.

68.    Plaintiff is informed and believes and thereon alleges that defendant FITZPATRICK has a history of sexual misconduct, sexual rape, sexual assault, kidnapping and as such, defendant LASD was negligent in its employment of FITZPATRICK.

69.    As a direct and proximate result of the aforesaid described unlawful and malicious acts of defendants, and each of them, plaintiff was deprived of her right to be secure in her person, against unlawful and unreasonable seizures of her person, to equal protection of the laws, and the due process clause, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. U.S.C. §1983.

## SEVENTH CLAIM
### Intentional Infliction of Emotional Distress
### (By Plaintiff Against Defendants LASD;
### FITZPATRICK and Does 1 through 200, inclusive)

70.    Plaintiff hereby incorporates each and every allegation set forth in paragraphs 1 through 69 as though fully set forth herein.

71.    The acts of Defendants and each of them, as detailed herein, was objectively extreme and outrageous intentional behavior and was done in the face of knowledge that Plaintiff was peculiarly susceptible to emotional distress by reason of the acts perpetrated upon her. Defendants acted with reckless disregard of the probability that their conduct would cause Plaintiff severe emotional distress. Defendants' conduct is so extreme as to "exceed all bounds of decency usually tolerated in a civilized society." A human was battered and butchered all for the prurient interests of FITZGERALD and toward the goal of preservation by LASD. Defendants' conduct herein was not in the interest of the public but was intentional and that of a greedy, selfish entity and individuals interested in self preservation and future gains at the expense of Plaintiff and the predictable harm that she would suffer.

72.    By reason of the foregoing, Plaintiff is entitled to recover from these Defendants, her general, special, punitive, actual and compensatory damages, including, but

Beverly Hills, CA 90211
Tel. (323) 658-5444 ~ Fax. (323) 658-5424

1   not limited to, her necessary medical and related expenses, past, present and future lost

2   earnings, loss of future earning capacity, as well as mental, emotional and physical pain and

3   suffering, in an amount presently unknown but exceeding the minimum jurisdictional limit

4   of this Court and as proven at the time of trial.

5       73.   Defendant LASD is liable for the acts and omissions of the other Defendants

6   and its employees and independent contractors under Gov. Code §§ 815.2 and 815.4.

7

8   **EIGHTH CLAIM**
**Negligent Infliction of Emotional Distress**
9   **(By Plaintiff Against Defendants LASD;**
**FITZPATRICK and Does 1 through 200, inclusive)**

10

11       74.   Plaintiff hereby incorporates each and every allegation set forth in paragraphs

12   1 through 73 as though fully set forth herein.

13       75.   The acts of Defendants and each of them, as detailed herein, was objectively

14   extreme and outrageous negligent behavior and was done in the face of knowledge that

15   Plaintiff was peculiarly susceptible to emotional distress by reason of the acts perpetrated

16   upon her. Defendants acted with reckless disregard of the probability that their conduct

17   would cause Plaintiff severe emotional distress. Defendants' conduct is so extreme as to

18   "exceed all bounds of decency usually tolerated in a civilized society." A human was

19   battered and butchered all for the prurient interests of FITZGERALD and toward the goal of

20   preservation by LASD. Defendants' conduct herein was not in the interest of the public but

21   was intentional and that of a greedy, selfish entity and individuals interested in self

22   preservation and future gains at the expense of Plaintiff and the predictable harm that she

23   would suffer.

24       76.   By reason of the foregoing, Plaintiff is entitled to recover from these

25   Defendants, her general, special, punitive, actual and compensatory damages, including, but

26   not limited to, her necessary medical and related expenses, past, present and future lost

27   earnings, loss of future earning capacity, as well as mental, emotional and physical pain and

28

5550 Wilshire Boulevard, Suite 510
Beverly Hills, CA 90211
Tel. (323) 658-5444 · Fax. (323) 658-5424

1   suffering, in an amount presently unknown but exceeding the minimum jurisdictional limit

2   of this Court and as proven at the time of trial.

3          77.     Defendant LASD is liable for the acts and omissions of the other Defendants

4   and its employees and independent contractors under Gov. Code §§ 815.2 and 815.4.

5

6

7   ## DEMAND FOR JURY TRIAL

8

9          78.     Plaintiff hereby demands a jury trial for her claims against defendants.

10   WHEREFORE, Plaintiff prays for judgment as follows:

11   **On All Causes of Action:**

12          1.     For special damages in an amount that is to be ascertained according to proof

13   at the time of trial;

14          2.     For general damages in amount that is to be ascertained according to proof at

15   the time of trial;

16          3.     For prejudgment interest thereon according to law

17          4.     For costs of suit and for such other and further relief as the court deems just

18   and proper;

19   **On the First, Fifth and Sixth Causes of Action:**

20

21          5.     For attorney fees, as provided under 42 U.S.C. §1988(b), in an amount that is

22   yet to be ascertained;

23          6.     For costs as provided under 42 U.S.C. §1983 and 1988, in an amount that is

24   yet to be ascertained; and

25   /// 

26   ///

27   ///

28

Tel. (323) 658-5444 ~ Fax. (323) 658-5424
Beverly Hills, CA 90211

1        7.    For such other relief this Court deems just and proper.

2    **On the Second, Third, Eighth and Ninth Causes of Action:**

3        8.    For punitive damages in an amount that is to be ascertained according to

4    proof at the time of trial.

5

6    DATED: May 21, 2009                    DAVIDSON & ASSOCIATES, P.L.C.

7

8                                          By: _____
                                           Keith M. Davidson, Esq.
9                                          Attorney for: Grace G.

10

11

12

Beverly Hills, CA 90211
Tel. (323) 658-5444 - Fax. (323) 658-5424

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Keith M. Davidson, Esq. (SBN 212216)<br>Davidson & Associates, PLC<br>8383 Wilshire Boulevard, Suite 510<br>Beverly Hills, CA 90211<br>TELEPHONE NO.: (323) 658-5444   FAX NO.: (323) 658-5424<br>ATTORNEY FOR *(Name):* GRACE G. | **ORIGINAL FILED**<br>MAY 2 2 2009<br>**LOS ANGELES SUPERIOR COURT** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 200 West Compton Boulevard
MAILING ADDRESS:
CITY AND ZIP CODE: Compton, CA 90220
BRANCH NAME: Southcentral District

CASE NAME:
GRACE G. vs. LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: TC0 2 3 0 8 1 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: **WILLIAM BARRY**<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [✓] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):*  Eight (8)
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 20, 2009

Keith M. Davidson, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

# Notice to Litigants
## Civil Unlimited

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

Information regarding new California rules of the court that take effect July 1, 2002.

This brief synopsis is provided to inform litigants, attorneys, and the general public of the new California Court Rules effective July 1, 2002, which affect the processing and filing of limited and unlimited civil cases (with the exception of Unlawful Detainers, Small Claim actions, complex civil cases, Probate, guardianship, conservatorship, family law, Juvenile court proceedings, and short cause cases).

The full text of these changes can be found in the California Rules of Court booklet.

## RULE 201.7 *(Re: Time for service of Complaint, Cross-Complaint, and Response)*

Complaints are to be served and proofs of service filed with the court within 60 days after filing the complaint.

On amended complaints, the added defendant must be served and proof of service must be filed within 30 days of filing the amended complaint.

A Cross-Complaint against a party who has already appeared in the action, must be accompanied by proof of service of the cross-complaint at the time it is filed.

The plaintiff must file a Request for Entry of Default within 10 days after the time for response has elapsed and must obtain a default judgment within 45 days after entry of default.

## RULE 201.8 *(Re: Case Cover Sheet)*

Civil case cover sheet required in each civil limited or unlimited action.

## RULE 201.9 *(Re: Information about Alternative Dispute Resolution)*

Plaintiffs will be provided an Alternative Dispute Resolution (ADR) package at time of filing the complaint and must serve a copy of said package on each defendant.

## RULE 212 *(Re: Case Management Conference, Meet and Confer Requirement; and Case Management Order).*

A Case Management Review/Conference must be completed to all parties no later than 180 days from filing of the complaint. The Los Angeles Superior Court will set said review/conference date 140 to 160 days from filing of the complaint. Individual courts may set additional earlier status conferences.

Notice of the Case Management Review/Conference will be given to all parties no later than 45 days before the conference date. If the court determines that appearances are not necessary at the Case Management Review/conference, the court may issue a Case Management Order and notify the parties that no appearance is necessary. No later than 15 calendar days before the

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

### What Is ADR:
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

### Mediation:
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

#### Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

#### Cases for Which Mediation May Not Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

### Arbitration:
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

#### Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

#### Cases for Which Arbitration May Not Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

### Neutral Evaluation:
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

#### Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

#### Cases for Which Neutral Evaluation May Not Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

### Settlement Conferences:
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

### Asian-Pacific American Dispute Resolution Center
**(213) 250-8190**
(Spanish & Asian languages capability)

### California Academy of Mediation Professionals
**(818) 377-7250**

### Center for Conflict Resolution
**(818) 380-1840**

### Inland Valleys Justice Center
**(909) 397-5780**
(Spanish language capability)

### Office of the Los Angeles City Attorney Dispute Resolution Program
**(213) 485-8324**
(Spanish language capability)

### Los Angeles County Bar Association Dispute Resolution Services
**toll free number 1-877-4Resolve (737-6583) or (213) 896-6533**
(Spanish language capability)

### Los Angeles County Department of Consumer Affairs
**(213) 974-0825**
(Spanish language capability)

### The Loyola Law School Center for Conflict Resolution
**(213) 736-1145**
(Spanish language capability)

### Martin Luther King Legacy Association Dispute Resolution Center
**(323) 290-4132**
(Spanish language capability)

### City of Norwalk
**(562) 929-5603**

---

**DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.**

---

## THIS IS A TWO-SIDED DOCUMENT.

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process *(describe)*: _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ **Additional signature(s) on reverse**

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Keith M. Davidson, Esq. (SBN 212216)
**KEITH M. DAVIDSON & ASSOCIATES, P.L.C.**
8383 Wilshire Boulevard, Suite 510
Beverly Hills, CA  90211
Tel.  (323) 658-5444
Fax  (323) 658-5424

Attorney for Plaintiff,
GRACE G.

## SUPERIOR COURT OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES, SOUTHCENTRAL DISTRICT

| | |
|---|---|
| GRACE G., | Case No:  TC023081 |
| Plaintiff, | |
| vs. | **STATEMENT OF DAMAGES** |
| LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; A Public Entity; MARK FITZPATRICK; and DOES 1 Through 200, Inclusive, | **Complaint Filed:**    **May 22, 2009** |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff, GRACE G., seeks damages in the above-entitled action, as follows:

**Special Damages:**

| | |
|---|---|
| Medical Expenses | Unascertainable at this time. |
| Loss of Earnings | Unascertainable at this time. |
| Future Medical Expenses | Unascertainable at this time. |

<u>General Damages:</u>

      Pain, Suffering, and Disability                 $1,000,000.00.

Dated:  June 3, 2009                DAVIDSON & ASSOCIATES, P.L.C.

                                   Keith M. Davidson, Esq.
                                   Attorney for Plaintiff
                                   GRACE G.

(FILE STAMP)

**ORIGINAL FILED**

MAY 2 2 2009

LOS ANGELES
SUPERIOR COURT

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | CASE NUMBER |
|---|---|
| | TC0 230 8 1 |
| Plaintiff (s) | |
| | ORDER TO SHOW CAUSE FAILURE TO PROSECUTE GC 68608 (B) |
| Defendant (s) | |

You are ordered to appear in Department "B" of this Court, South Central District, located at 200 W. Compton Boulevard, Compton, CA 90220, at 8:30 A.M., on _____, for an Order to Show Cause why this case should not be dismissed without prejudice for failure to prosecute for one or more of the following reasons: (1) failure to serve this action and file proof of service of the complaint with the court within 60 days of filing, CRC 3.110(b) and/or (2) failure to file request for Entry of Default against a defendant within 10 days after time for response has elapsed, CRC 3.110(g). See also, LASC Local Rules 7.13, Cal Rules of Court, Rule 3.711 and 2.30, Code of Civil Procedure Sections 128, 177.5, 583.150, 583.410 and 575.2, and Government Code Section 68608(b).

Counsel for plaintiff or plaintiff appearing personally, if appearing in propria persona, is ordered to give notice of said hearing to any party served with a summons and complaint prior to the O.S.C. hearing.

Dated: **MAY 2 2 2009** _____

_William Berry_

**WILLIAM BARRY**
*Judge of the Superior Court*

## CERTIFICATE OF SERVICE

I, John A. Clarke, Executive Officer and Clerk for the Superior Court of California, County of Los Angeles and not a party to the within action, certify that on this date I served a true copy of this notice to each party or his attorney of record by personally giving the party notice upon filing of the complaint.

JOHN A. CLARKE, Executive Officer and
Clerk for the Superior Court

By: _JONATHAN HEAD_

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| **COURTHOUSE ADDRESS:**<br>200 W. Compton Blvd., Compton, CA 90220 | **ORIGINAL FILED**<br>MAY 2 2 2009<br>LOS ANGELES<br>SUPERIOR COURT |
| Plaintiff: | |
| Defendant: | |
| **NOTICE OF CASE MANAGEMENT<br>CONFERENCE** | CASE NUMBER **TC0 2 3 0 8 1** |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this Notice on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record no later than 30 days before the Case Management Conference. This case has been assigned for _all_ purposes to: Hon. _____**William Barry**_____. Your case Management Conference has been scheduled at the courthouse address shown above on:

| Date: | 7 28 01 | Time: | 8:30 Am | Div/Dept: | B |
|---|---|---|---|---|---|

Pursuant to California Rules of Court, rule 3.725, a completed Case Management Statement (Judicial Council form# CM-110) must be filed at least 15 calendar days prior to the Case Management Conference jointly by all parties/attorneys of record, or individually by each party/attorney or record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make orders including the following: an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Codes 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360, and 583.410, Government Code section 68608(b), and California Rules of the Court, rule 3.711 and 2.30.

Dated: **MAY 2 2 2009**                                        _____**JONATHAN HEAD**Deputy Clerk

---

### Certificate of Service

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐    by depositing in the United States mail at the courthouse in _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☒    by personally giving the party notice upon filing of the complaint.

**John A. Clarke, Executive Officer/Clerk**

Date: **MAY 2 2 2009**                    by, _____, Deputy Clerk

JONATHAN HEAD

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 660 South Figueroa Street, 21st Floor, Los Angeles, California 90017-3442.

    On July 2, 2009, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C §1441(B) FEDERAL QUESTION) AND 28 U.S.C. §1443(C) (CIVIL RIGHTS CASES) ON BEHALF OF DEFENDANT LOS ANGELES COUNTY SHERIFF'S DEPARTMENT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hurrell Cantrall's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on July 2, 2009, at Los Angeles, California.

Yvonne Sandoval

**SERVICE LIST**
**Grace G. v. Los Angeles County Sheriff's Department, et al.**
**Case No.**

Keith M. Davidson, Esq.                              ***Attorneys for Plaintiff***
DAVIDSON & ASSOCIATES
8383 Wilshire Blvd., Suite 510
Beverly Hills, CA 90211
Telephone: (323) 658-5444
Facsimile: (323) 658-5424

Gilbert M. Nishimura, Esq.                           ***Attorneys for Defendant MARK***
SEKI NISHIMURA &                                     ***FITZPATRICK***
WATASE, LLP
1005 Wilshire Blvd., Suite 1900
Los Angeles, CA 90017
Telephone: (213) 481-2869
Facsimile: (213) 481-2871

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

## CV09- 4802 PA (RCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I.(a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Grace G

**DEFENDANTS**
Los Angeles County Sheriff's Department (attorney information below)
Mark Fitzpatrick (attorney information - see attachment)

**(b)** Attorneys (Firm Name, Address and Telephone Number If you are representing yourself, provide same )

Keith M. Davidson, Esq.
8383 Wilshire Blvd., Suite 510
Beverly Hills, CA 90211, (323) 658-5444

Attorneys (If Known)

Thomas C. Hurrell, Esq. and Lisa Y. An, Esq.
Attorneys for Defendant Los Angeles County Sheriff's Department
Hurrell Cantrall LLP
660 S. Figueroa Street, 21st Floor, Los Angeles, CA 90017, (213) 426-2000

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ According to proof at trial.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Alleged violations of civil rights under 42 U.S.C. Section 1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☑ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number   **CV09-04802**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CIVIL COVER SHEET

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Grace G. (Los Angeles County) | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County Sheriff's Department (Los Angeles County) Mark Fitzpatrick (Los Angeles County) | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  7/2/09

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U.S.C 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C (g)) |

## ATTACHMENT TO CIVIL COVER SHEET

Attorney Information for Defendant Mark Fitzpatrick:

Gilbert M. Nishimura, Esq.
Seki Nishimua & Watase, LLP
1005 Wilshire Blvd., Suite 1900
Los Angeles, CA 90017
Telephone: (213) 481-2869

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 660 South Figueroa Street, 21st Floor, Los Angeles, California 90017-3442.

On July 2, 2009, I served true copies of the following document(s) described as **CIVIL COVER SHEET** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hurrell Cantrall's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 2, 2009, at Los Angeles, California.

Yvonne Sandoval

SERVICE LIST
Grace G. v. Los Angeles County Sheriff's Department, et al.
Case No.

Keith M. Davidson, Esq.                    ***Attorneys for Plaintiff***
DAVIDSON & ASSOCIATES
8383 Wilshire Blvd., Suite 510
Beverly Hills, CA 90211
Telephone: (323) 658-5444
Facsimile: (323) 658-5424

Gilbert M. Nishimura, Esq.                 ***Attorneys for Defendant MARK***
SEKI NISHIMURA &                           ***FITZPATRICK***
WATASE, LLP
1005 Wilshire Blvd., Suite 1900
Los Angeles, CA 90017
Telephone: (213) 481-2869
Facsimile: (213) 481-2871